UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

YAMILET GONZALEZ
and other similarly-situated individuals,

    Plaintiff(s),

v.

CATALONIA AT THE GABLES III, LLC,
a/k/a CATALONIA CLEANERS,
MARIA A. PEREIRA, and
EDUARDO RICCIO, individually

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff YAMILET GONZALEZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants CATALONIA AT THE GABLES III, LLC, a/k/a CATALONIA CLEANERS, MARIA A. PEREIRA, and EDUARDO RICCIO, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and constructive discharge under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff YAMILET GONZALEZ (hereinafter YAMILET GONZALEZ, or Plaintiff) is a resident of Miami-Dade County. Plaintiff is a covered employee for purposes of the Act.

3. Defendant CATALONIA AT THE GABLES III, LLC, a/k/a CATALONIA CLEANERS, (hereinafter, CATALONIA CLEANERS, or Defendant) is a Florida corporation, having a place of business in Dade County, Florida, where Plaintiff worked for Defendant, and always material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendants MARIA A. PEREIRA and EDUARDO RICCIO are the owners/partners and managers of Defendant Corporation CATALONIA CLEANERS. These individual Defendants are the employers of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff YAMILET GONZALEZ to recover from Defendants unpaid overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant CATALONIA CLEANERS is a dry-cleaning establishment that provides laundry services to individuals and third-party commercial accounts. Defendant has facilities located at 9666 NW 25th St. Doral, FL 33172, and 3001 Salzedo St., Coral Gables, FL 33134, where Plaintiff worked.

8. Defendant CATALONIA CLEANERS, MARIA A. PEREIRA, and EDUARDO RICCIO employed Plaintiff YAMILET GONZALEZ as a non-exempted full-time laundry attendant, from approximately October 01, 2019, to around August 18, 2021, or 98 weeks.

9. Plaintiff was paid at the wage rate of $14.50 an hour.

10. While employed by Defendants, Plaintiff worked 6 days per week as follows:

11. 1) <u>From October 01, 2019, to approximately May 31, 2020, or 35 weeks.</u> - In this period, Plaintiff worked 6 days per week. From Monday to Friday, Plaintiff worked from 6:30 PM to 6:00 PM (11.5 hours daily); on Saturdays, Plaintiff worked from 8:30 AM to 2:00 PM (5.5 hours), for a total of 63 hours per week. Plaintiff was not able to take bonafide lunch breaks.

12. Plaintiff worked more than 40 hours per week, but she was paid for only 40 regular hours. The remaining hours were not paid to her at any rate, not even at the minimum wage rate.

13. 2) <u>From approximately June 01, 2020, to August 18, 2021, or 63 weeks</u>. - In this period, Plaintiff worked 6 days per week. From Monday to Saturday from 8:00 AM to 5:00 PM (9 hours daily), and on Saturdays, she worked from 8:30 AM to 2:00 PM (5.5 hours). Thus, Plaintiff worked a total of 50.5 hours weekly.

14. Plaintiff worked more than 40 hours per week, but she was paid for only 40 regular hours. The remaining hours were not paid at any rate, not even at the minimum wage rate.

15. Furthermore, beginning approximately April 01, 2021, to her last day of employment on or about August 18, 2021, or 20 weeks, Plaintiff performed unpaid off-the-clock working hours that were not compensated at any rate, not even at the minimum wage rate. Plaintiff performed after-hours work as follows: a) Three times per week Plaintiff would take clothing to house and work at least 2 hours per day, or 6 hours per week; b) Two times per week, after 5:00 PM, Plaintiff performed laundry deliveries for at least 3 hours weekly; c) Seven days per week Plaintiff would receive telephone calls concerning CATALONIA CLEANERS' business, in which Plaintiff worked a total minimum of 3 hours.

16. These 12 off-the-clock hours constitute 12 unpaid overtime hours that were not paid at any rate and should be paid at the rate of time and one-half her regular rate.

17. During her entire period of employment with Defendants Plaintiff did not clock in and out, by Defendants were in complete control about the hours worked by Plaintiff and other similarly situated individuals.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid weekly with checks, and via Zelle, without paystubs providing basic information about the real number of hours worked, wage rate paid, employment taxes withheld, etc. Plaintiff did not have access to any system to check the total of hours worked.

20. Plaintiff complained multiple times about her missing overtime payment to the business owners, but Defendants did not fix the problem.

21. On or about August 18, 2021, Plaintiff was forced to leave her employment because she worked many overtime hours without compensation.

22. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid overtime hours, based on her best recollections. Plaintiff will amend her Complaint accordingly after Discovery.

23. Plaintiff YAMILET GONZALEZ intends to recover overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

24. Plaintiff is also claiming the reimbursement of $100.00 monthly, corresponding to cleaning supplies that Plaintiff spent from her own money and Defendants never paid back to her

25. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME AGAINST ALL DEFENDANTS

26. Plaintiff YAMILET GONZALEZ re-adopts every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. This cause of action is brought by Plaintiff YAMILET GONZALEZ as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

28. Defendant CATALONIA CLEANERS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides laundry services. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using

electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

29. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiff handled credit card transactions and also regularly handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

30. Defendant CATALONIA CLEANERS, MARIA A. PEREIRA, and EDUARDO RICCIO employed Plaintiff YAMILET GONZALEZ as a non-exempted full-time laundry attendant, from approximately October 01, 2019, to around August 18, 2021, or 98 weeks.

31. Plaintiff was paid at the wage rate of $14.50 an hour.

32. While employed by Defendants, Plaintiff worked 6 days per week as follows:

33. 1) <u>From October 01, 2019, to approximately May 31, 2020, or 35 weeks.</u> - In this period, Plaintiff worked 6 days per week, a total of 63 hours. Plaintiff was not able to take bonafide lunch breaks.

34. 2) <u>From approximately June 01, 2020, to August 18, 2021, or 63 weeks</u>. - In this period Plaintiff worked 6 days per week, a total of 50.5 hours.

35. Plaintiff worked more than 40 hours per week, but she was paid for only 40 regular hours. The remaining hours were not paid to her at any rate, not even at the minimum wage rate.

36. Furthermore, beginning approximately April 01, 2021, to her last day of employment on or about August 18, 2021, or 20 weeks, Plaintiff performed 12 off-the-clock working hours per week that were not compensated at any rate, not even at the minimum wage rate.

37. These 12 off-the-clock hours constitute 12 additional unpaid overtime hours weekly that were not paid at any rate and should be paid at the overtime rate of time and one-half her regular rate.

38. Plaintiff worked more than 40 hours per week, but she was paid for only 40 regular hours. The remaining hours were not paid to her at any rate, not even at the minimum wage rate.

39. During her entire period of employment with Defendants, Plaintiff did not clock in and out. Still, Defendants were in complete control and knew about the hours worked by Plaintiff and other similarly situated individuals.

40. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

41. Plaintiff was paid weekly with checks, and via Zelle, without paystubs providing basic information about the actual number of hours worked, wage rate paid, employment taxes withheld etc. Plaintiff did not have access to any system to check the total of hours worked.

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

43. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

44. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate. After proper discovery, Plaintiff will adjust her calculations as needed.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Thirty-Seven Thousand One Hundred Sixteen Dollars and 69/100 ($37,116.69)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment:  98 weeks
   Total relevant weeks of employment: 98 weeks
   Wage rate: $14.50 an hour x 1.5=$21.75 O/T rate
   O/T rate:  21.75

   <u>1.- O/T calculations from October 01, 2019, to May 31, 2020, or 35 weeks</u>

   Total number of weeks: 35 weeks
   Total number of hours worked: 63 hours weekly
   Total unpaid O/T hours: 23 O/T hours
   O/T rate:  $21.75 an hour

   O/T rate $21.75 x 23 O/T hours=$500.25 weekly x 35 weeks=$17,508.75

   <u>2.- O/T from June 01, 2020, to August 18, 2021, or 63 weeks</u>

   Total number of weeks: 63 weeks
   Total number of hours worked: 50.5 hours weekly
   Total unpaid O/T hours: 10.5 hours
   O/T rate:  $21.75 an hour

   i. O/T rate $21.75 x 10.5 O/T hours=$228.38 weekly x 63 weeks=$14,387.94

    ii.    O/T for off-the-clock hours from April 01, 2021, to August 18, 2021, or 20 weeks (12 off-the-clock hours weekly)

    O/T rate $21.75 x 12 off-the-clock hours= $261.00 weekly x 20 weeks = $5,220.00

Total #1 and #2: $37,116.69

<u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

45. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

46. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

47. At times mentioned, individual Defendants MARIA A. PEREIRA and EDUARDO RICCIO were the owners/partners and managers of CATALONIA CLEANERS. The individual Defendants MARIA A. PEREIRA and EDUARDO RICCIO were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of the Corporation, in relation to its employees, including Plaintiff and others similarly situated. Defendants MARIA A. PEREIRA and EDUARDO

RICCIO had financial and operational control of the business, they determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

48. Defendants CATALONIA CLEANERS, MARIA A. PEREIRA, and EDUARDO RICCIO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

49. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YAMILET GONZALEZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff YAMILET GONZALEZ and other similarly situated individuals and against the Defendants CATALONIA CLEANERS, MARIA A. PEREIRA, and EDUARDO RICCIO, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff YAMILET GONZALEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest: and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

## JURY DEMAND

Plaintiff YAMILET GONZALEZ demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL DEFENDANTS

50. Plaintiff YAMILET GONZALEZ re-adopts every factual allegation stated in paragraphs 1-25 of this Complaint as if set out in full herein.

51. Defendant CATALONIA CLEANERS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides laundry services. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

52. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiff handled credit card transactions and regularly handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

53. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

54. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

55. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

56. Defendant CATALONIA CLEANERS, MARIA A. PEREIRA, and EDUARDO RICCIO employed Plaintiff YAMILET GONZALEZ as a non-exempted full-time laundry attendant, from approximately October 01, 2019, to around August 18, 2021, or 98 weeks.

57. Plaintiff was paid at the wage rate of $14.50 an hour.

58. While employed by Defendants, Plaintiff worked overtime hours that were not compensated as required by law. Plaintiff worked as follows:

59. 1) <u>From October 01, 2019, to approximately May 31, 2020, or 35 weeks.</u> - Plaintiff worked 6 days per week, a total of 63 hours. Plaintiff was not able to take bonafide lunch breaks.

60. 2) <u>From approximately June 01, 2020, to August 18, 2021, or 63 weeks</u>. - Plaintiff worked 6 days per week, a total of 50.5 hours.

61. Plaintiff always worked more than 40 hours per week, but she was paid for only 40 regular hours. The remaining hours were not paid to her at any rate, not even at the minimum wage rate.

62. Furthermore, beginning approximately April 01, 2021, to her last day of employment on or about August 18, 2021, or 20 weeks, Plaintiff performed 12 off-the-clock working hours weekly that were not compensated at any rate, not even at the minimum wage rate.

63. These 12 off-the-clock hours constitute 12 additional unpaid overtime hours that were not paid at any rate and should be paid at the rate of time and one-half her regular rate.

64. During her entire period of employment, Plaintiff worked more than 40 hours per week, but she was paid for only 40 regular hours. The remaining hours were not paid at any rate, not even at the minimum wage rate.

65. Plaintiff did not clock in and out, by Defendants were in complete control about the hours worked by Plaintiff and other similarly situated individuals.

66. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

67. Plaintiff was paid weekly with checks, and via Zelle, without paystubs providing basic information about the actual number of hours worked, wage rate paid, employment taxes withheld, etc. Plaintiff did not have access to any system to check the total of hours worked.

68. Plaintiff complained with the owner of the business MARIA E. PEREIRA, but her requests were ignored.

69. Plaintiff was forced to leave her job because she was not paid her hard-earned wages.

70. On or about August 18, 2021, Plaintiff was forced to resign from her position at CATALONIA CLEANERS because Defendants unfairly denied overtime pay for hours worked over 40 every week.

71. Therefore, on or about August 18, 2021, Plaintiff was constructively discharged because Defendants deliberately created unfair working conditions that any reasonable person could not accept, and Plaintiff was forced to resign.

72. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices to constructively discharge Plaintiff.

73. At times mentioned, individual Defendants MARIA A. PEREIRA and EDUARDO RICCIO were the owners/partners and managers of CATALONIA CLEANERS. The individual Defendants MARIA A. PEREIRA and EDUARDO RICCIO were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of the Corporation, concerning its employees, including Plaintiff and others similarly situated. Defendants MARIA A. PEREIRA and EDUARDO RICCIO had financial and operational control of the business, they determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

74. The motivating factor which caused Plaintiff's constructive discharge as described above was her complaints seeking unpaid overtime from the Defendants. In other words, Plaintiff would not have been constructively discharged but for her complaints about unpaid overtime wages.

75. The Defendants' constructive discharge of Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

76. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff YAMILET GONZALEZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures

complained of herein violated provisions of the Fair Labor Standards Act.

B. Enter judgment against Defendants CATALONIA CLEANERS, MARIA A. PEREIRA and EDUARDO RICCIO, that Plaintiff YAMILET GONZALEZ recovers compensatory, damages and an equal number of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff YAMILET GONZALEZ further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff YAMILET GONZALEZ demands trial by jury of all issues triable as of right by jury.

Dated: October 7, 2021.

Respectfully submitted,

By: __/s/ Zandro E. Palma__
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*